NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR LOPEZ-VASQUEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4261

Agency No.
A201-028-115

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2025[**]
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Hector Lopez-Vasquez petitions for review of an order of the Board of

Immigration Appeals (BIA) denying his motion to reopen removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252, and review for an abuse of discretion.

*Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022). "The BIA abuses

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). Lopez-Vasquez has not shown that the BIA abused its discretion.

The BIA denied the motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(A) & (C)(i) (providing that an applicant may file one motion to reopen within 90 days of the entry of a final order of removal); *see also* 8 C.F.R. § 1003.2(c)(2). The BIA explained that the motion was filed well beyond the 90-day deadline and determined that no exception applied. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing exceptions). The BIA also determined that Lopez-Vasquez had not demonstrated the requisite diligence or that an extraordinary circumstance, including ineffective assistance of counsel, warranted equitable tolling of the filing deadline. The BIA also concluded that this was not an exceptional case that warranted sua sponte reopening.

Lopez-Vasquez does not acknowledge the BIA's determination that his motion to reopen was untimely. Nor does he challenge any aspect of that decision. Because Lopez-Vasquez does not address these issues or make any argument that the BIA erred in its determination that his motion was untimely, he has waived any challenge to the BIA's decision denying his motion to reopen on these grounds. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013); s*ee also Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised in a

party's opening brief generally are waived).

In addition, Lopez-Vasquez does not challenge the BIA's refusal to exercise its discretion to reopen the removal proceedings sua sponte, and this court lacks jurisdiction to review a motion to reopen proceedings sua sponte except for legal or constitutional error, which are not raised here. *Lona v. Barr*, 958 F.3d 1225, 1234–35 (9th Cir. 2020).[1]

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, dkt. 3, is otherwise denied.